UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

DONNA SMITH, as mother and
next friend of ANDREW SMITH,
a minor,

    Plaintiffs,

                                                 CASE NO:

vs.

DOLGENCORP, LLC.,

    Defendant.
_____/

# COMPLAINT

Plaintiffs, DONNA SMITH, as mother and next friend of ANDREW SMITH, a minor ("Plaintiffs") by and through the undersigned counsel, hereby file this Complaint and sue DOLGENCORP, LLC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, DONNA SMITH, as mother and next friend of ANDREW SMITH (hereinafter referred to as "MRS. SMITH" or collectively as "THE SMITHS") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. ANDREW SMITH suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from spina bifida, requires a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Plaintiffs visited the Defendant's premises at issue in this matter, and were denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Plaintiffs' continue to desire and intend to visit the Defendant's premises but continue to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, DOLGENCORP, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief DOLGENCORP, LLC (hereinafter referred to as "DOLGENCORP or Defendant") is the owner, lessee and/or operator of the real

properties and improvements that are the subject of this action, specifically the Dollar General store located at 15343 Hwy 11 N., Coalin , Alabama; the Dollar General store located at 6520 Hargrove Red East, Tuscaloosa, Alabama; the Dollar General store located at 2626 McFarland Blvd., E, Tuscaloosa, Alabama; the Dollar General store located at 1717 Skyland Blvd., E., Tuscaloosa, Alabama; the Dollar General store located at 655 Bear Creek Rd., Tuscaloosa, Alabama; the Dollar General store located at 40707 Al Hwy 69, Moundville, Alabama and the Dollar General store located at 25157 Hwy 82 E., Gordo, Alabama. (hereinafter referred to as the "Stores,").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## **COUNT I - VIOLATION OF THE ADA**

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Stores owned by Defendant are places of public accommodation in that they are retail stores operated by a private entity that provide goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Stores in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the Stores owned by Defendant. Prior to the filing of this lawsuit, Plaintiffs visited the Stores at issue in this lawsuit and were denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that they personally encountered.  In addition, Plaintiffs continue to desire and intend to visit the Stores, but continue to be injured in that they are unable to and continue to be discriminated against due to the barriers to access that remain at the Stores in violation of the ADA.  Plaintiffs have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Defendant is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R.

§36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

### 15343 Hwy 11 N., Coaling, Alabama

(i) The accessible parking signage is mounted too low to be seen over parked vehicles;

(ii) Both men's and women's restroom entry doors have knob type hardware that requires tight grasping, pinching and twisting of the wrist to operate;

(iii) At the checkout counters, the credit card machines are mounted too high and cannot be seen by a wheelchair user.

### 6520 Hargrove Red, East, Tuscaloosa

(i) At all the checkout counters, the credit card machines are mounted too high and cannot be seen by a wheelchair user;

(ii) The accessible signage at the men's and women's restroom is mounted too low;

(iii) The lavatory controls at the men's and women's restrooms are knob type hardware that requires tight grasping, pinching and twisting of the wrist to operate;

### 2626 McFarland Blvd., East, Tuscaloosa

i. There is no accessible signage on the unisex restroom door;

ii. The mirror in the unisex restroom is mounted too high for a wheelchair user;

iii. At times, the access to the restroom door is blocked by merchandise carts;

### 1717 Skyland Blvd., E., Tuscaloosa

  i.   At the entry door to the unisex restroom, merchandise is stacked in the clear floor space of the door on both the push side and the pull side;

  ii.  There is knob type hardware on the unisex restroom entry door that requires tight grasping, pinching and twisting of the wrist to operate;

  iii. The lavatory has knob type faucet controls that requires tight grasping, pinching and twisting of the wrist to operate;

  iv.  The hot water and drain pipes are not insulated at the lavatory;

  v.   The mirror is mounted too high for a wheelchair user;

  vi.  The accessible toilet compartment door swings in to the clear floor space of the water closet making it impossible for a wheelchair user to enter and close the door.

**655 Bear Creek Rd., Tuscaloosa**

  i.   The mirror in the men's restroom is mounted too high for a wheelchair user.

**40707 AL Hwy 69, Moundville**

  ii.  There is no accessible signage on either of the men's and women's restroom doors;

  iii. Both men's and women's restroom doors have knob type hardware that requires tight grasping, pinching and twisting of the wrist to operate;

  iv.  Men's restroom- the flush valve is located on the closed or narrow side of the toilet area and is out of reach for a wheelchair user;

  v.   Due to storage shelving located in the restroom corridor, there is insufficient clear floor space for a wheelchair user to enter either restroom;

  vi.  At the all checkout counters, the credit card machines are mounted too

      high and cannot be seen by a wheelchair user;

**25157 Hwy 82 E, Gordo**

    i. The accessible parking signage is mounted too low to be seen over parked vehicles;

    ii. The women's restroom door has knob type hardware that requires tight grasping, pinching and twisting of the wrist to operate.

12. There are other current barriers to access and violations of the ADA at the Stores owned and operated by Defendant that were not specifically identified herein as the Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Stores, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

15. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have their reasonable attorney's

fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against Defendant and requests the following injunctive and declaratory relief:

> A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;
>
> B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;
>
> C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;
>
> D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and
>
> E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 3rd day of October 2017.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
     Edward I. Zwilling, Esq.
     Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com